Case No. 23-3174

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

GANIYU AYINLA JAIYEOLA,

      Plaintiff – Appellant,

v.

GARMIN INTERNATIONAL, INC.,

      Defendant – Appellee.

On Appeal from the United States District Court for the District of Kansas

(Case No. No. 2:20-CV-02068-EFM-ADM)

**APPELLANT'S OPENING BRIEF**

Ganiyu Ayinla Jaiyeola, Ph.D., MBA

10870 North Stelling Road, #37D

Cupertino, California 95014

(616) 635-4025

ganiyu.jaiyeola@gmail.com

Appellant pro se

# TABLE OF CONTENTS

TABLE OF CONTENTS……………………………………..…………….. 2

TABLE OF AUTHORITIES……………………………...…....……….… 3

GLOSSARY OF TERMS……………………………..…...……………... 8

PRIOR OR RELATED APPEALS…………………..………………….… 9

STATEMENT OF JURISDICTION……………………………...……….11

STATEMENT OF THE ISSUE……………………………………....……11

INTRODUCTION…...……………………………..……………………… 11

FACTS RELATED TO THIS APPEAL…...…………………...………… 16

ARGUMENT………………………………………………………...….. 17

A.     A Litigant's Access To The Court Is A Constitutional Right
       Under The First Amendment………………………………..…… 17

B.     Plaintiff's Rule 60(b)(4) Motion...………………………………… 21

C.     Plaintiff's Rule 60(d)(3) Motion……………………………..….. 24

D.     Mandamus…………….…………………………………….…… 26

E.     Judge Reassignment…………………………………....…………… 28

CONCLUSION…………………………………………………...……… 29

CERTIFICATE OF COMPLIANCE………………….……………….… 31

CERTIFICATE OF SERVICE…………………….……………….…… 32

DECLARATION………………………….…………………...…….… 33

# TABLE OF AUTHORITIES

## U.S. CONSTITUTION

First Amendment……………………………………………...………… 17-20

## CASES

*Antunes v. Garmin International, Inc.*, No. 2:18-cv-02697

(D. Kan. Dec. 18, 2018)……………………………………...………………….. 15

*Arthur Andersen Co. v. Finesilver*, 546 F.2d 338 (10th Cir. 1976)…...…....…. 26, 28

*Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)………….. 18

*Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985)……………..…. 24

*Burke v. Regalado et al.*, No. 18-5042 (10th Cir. 2019)………...…………..…. 28-29

*Carter v. United States*, 733 F.2d 735, 737 (10th Cir. 1984), cert. denied,

469 U.S. 1161, 105 S.Ct. 915, 83 L.Ed.2d 928 (1985)…………………………. 18

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991)………………………...…… 26

*Chance v. Todd*, 74 Fed. Appx. 598, 600 (6th Cir. 2003)……...……………..…. 20

*Cotner v. Hopkins*, 795 F.2d 900, 902-03 (10th Cir. 1986)…………………..…. 17

*Dalton v. United States* (*In re Dalton*), 733 F.2d 710, 717 (10th Cir. 1984),

cert. dismissed 469 U.S. 1185, 105 S. Ct. 947, 83 L.Ed.2d 959 (1985)…….....…. 27

*Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 883 (1994)…....... 27

*Eash v. Riggins Trucking Inc.*, 757 F.2d 557 (3d Cir. 1985)……………………. 26

*Equal Employment Opportunity Commission v. BCI Coca-Cola Bottling*

*Company of Los Angeles*, 450 F. 3d 476 (10th Cir. 2006)…………….....……... 13

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976)…………………………...……… 11

*Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998)………...... 20

*Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)…………………....... 20

*Futernick v. Sumpter Tp.*, 207 F.3d 305, 314 (6th Cir. 2000)…………………..... 20

*Gregory v. Denham*, No. 14-cv-02267 (D. Colo. Jun. 5, 2015)......................24

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)...................................... 11

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)............... 25

*Hong Mai Sa v. Doe*, 406 F.3d 155 (2d Cir. 2005)................................. 28

*In re Anderson*, 511 U.S. 364 (1994)............................................. 18

*In re Green*, 669 F.2d 779, 786 (D.C. Cir. 1981)................................... 18

*In re: Ganiyu Ayinla Jaiyeola*, No. 21-3100 (10th Cir. July 19, 2021)............... 9

*In re: Ganiyu Ayinla Jaiyeola*, No. 21-3100 (10th Cir. June 28, 2021)............... 9

*In re: Greg Abbott, et al.*, No. 20-50264 (5th Cir. April 7, 2020)................... 26

*Jaiyeola v. Garmin International, Inc.,* No. 21-3075 (10th Cir. May 19, 2021)... 9

*Jaiyeola v. Garmin International, Inc.*, No. 21-3108 (10th Cir. July 6, 2021)..... 9

*Jaiyeola v. Garmin International, Inc.,* No. 21-3108 (10th Cir. July 19, 2021).... 9

*Jaiyeola v. Garmin International, Inc.*, Nos. 21-3114 & 21-3169
(10th Cir. Apr. 26, 2022)......................................................... 10

*Jaiyeola v. Garmin International, Inc.*, Nos. 21-3114 & 21-3169
(10th Cir. May 23, 2022)......................................................... 10

*Johnson v. Spencer*, No. 17-8089 (10th Cir. Feb. 13, 2020)........................23

*Jordon v. Gilligan*, 500 F.2d 701 (6th Cir. 1974)................................. 23

*Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 911 F.2d 380, 387
(10th Cir. 1990)................................................................. 27

*Kenner v. Comm'r*, 387 F.2d 689, 691 (7th Cir. 1968)..............................25

*Kerr v. United States District Court*, 426 U.S. 394, 96 S.Ct. 2119,
48 L.Ed.2d 725, [1976]........................................................... 27

*Kile v. United States*, 915 F.3d 682, 686 (10th Cir. 2019)........................ 23

*Leo v. Garmin Int'l, Inc.*, No. 2:09-cv-02139-KHV (D. Kan. 2009).............. 14

*Leo v. Garmin Int'l, Inc.*, No. 2:10-cv-02495-JTM-DJW (D. Kan. 2010).......... 14

*Lubben v. Selective Service System Local Bd.*, No. 27, 453 F.2d 645

(1st Cir. 1972)................................................................................... 23

*Meier v. Green*, 2:07-cv-11410 Doc # 60 (E.D. Mich 2009)..........................20

*Memphis Center for Reproductive Health, et al. v. Slatery, et al.*,

No. 20-5969 (6th Cir. 2022)................................................................ 30

*Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009)...................... 26

*Moulds v. Bullard, et al.*, No. 10-14866 (11th Cir. 2011)........................... 22

*Niemi v. Lasshofer*, 770 F.3d 1331, 1356 n.13 (10th Cir. 2014)................... 29

*Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996)................................ 19

*Pacificare of Oklahoma, Inc. v. Burrage*, 59 F.3d 151 (10th Cir. 1995)......... 27

*People v. Elliot*, No. 344740 (Mich. Ct. App. Mar. 5, 2020)........................29

*Peterson v. Garmin International, Inc.*, No. 2:09-cv-02659

(D. Kan. Dec. 22, 2009)..................................................................... 14

*Punchard v. U.S. Govt*, 290 F. App'x 160 (10th Cir. 2008).......................... 19

*Shipps v. Groves, et al.*, No. 22-3200 (10th Cir. 2023)............................... 11

*Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340 (10th Cir. 2006)........... 17-18

*Tingley v. City of Grand Rapids*, No. 1:02-cv-673 (W.D. Mich. Jun. 13, 2003).. 19

*Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)........................ 17-19

*United States v. Abdenbi*, 361 F.3d 1282, 1289 (10th Cir. 2004)................... 19

*United States v. Estate of Stone Hill*, 660 F.3d 415, 444 (9th Cir. 2011)........... 26

*United States v. United States Fidelity Guaranty Co.*, 309 U.S. 506,

60 S.Ct. 653, 84 L.Ed. 894 (1940)....................................................... 23

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010)................. 23

*United States v. Williams*, No. 14-5070 (10th Cir. June 23, 2015)............. 25-26

*V. T. A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 n.8 (10th Cir. 1979)............... 23

*Watts v. Pinckney*, 752 F.2d 406 (9th Cir. 1985)................................. 20-21

*Will v. United States*, 389 U.S. 90, 95 (1967)........................................ 26

*Williams v. Kincaid, et al.*, No. 21-2030 (4th Cir. 2022)............................. 29

*Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290–91

(10th Cir. 2005)..................................................................... 25


## FEDERAL LAWS

Title VII....................................................................……...…… 12-15


## FEDERAL STATUTES

28 U.S.C. § 1291..........................................................…..…..… 11

28 U.S.C. § 2106.........................................................…..…...…….. 28-30

29 U.S.C. § 2611 et seq.................................................…................ 14

29 U.S.C. § 621, et seq.....................................................…........ 12, 14-15

42 U.S.C. § 12101 et seq.................................................…................... 14

42 U.S.C. § 1983...................................................…..…………......... 12-13

42 U.S.C. §§ 2000e, et seq and Section 703(a)...…..……....……...…..…… 12, 14

42 U.S.C. §12112(b)(4)..................................................…...…… 12

Fed. R. App. P. 25(d)...................................................…..…… 32

Fed. R. App. P. 32(a)(7)(B)(i)........................................…...… 31

Fed. R. App. P. 32(a)........................................................…....….. 31

Fed. R. App. P. 32(c)(2)................................................…............ 31

Fed. R. App. P. 32(f)....................................................….......... 31

Fed. R. App. P. 32(g)..................................................…......... 31

Fed. R. Civ. P. 60(b)(4)........................................…11, 16, 18, 21, 23, 30, 34

Fed. R. Civ. P. 60(d)(3).........................................…11, 16, 18, 24-25, 30, 34

Fed. R. Civ. P. 8(e)....................................................…............ 11


## KANSAS LAWS

Chapter 44, Art. 11, K.S.A., ((a)(1) of Section 44-1113)….……….…………. 12

# TENTH CIRCUIT RULES

10th Cir. R. 28.2(C)(4)...................................................... 8

# SECONDARY SOURCES

http://www.kslegislature.org/li/b2019_20/statute/044_000_0000_chapter/044_011
_0000_article/044_011_0013_section/044_011_0013_k/
(Retrieved May 13, 2021)........................................................ 12

1B J. Moore, Federal Practice, ¶ 0.407, at 931 (2d ed. 1973)........................ 23

https://www.trimble.com/...................................................... 14

https://www.garmin.com/en-US/company/leadership/executive/........................ 13

https://www.comparably.com/companies/garmin-international/diversity (as it
appeared on October 28, 2020)......................................... 13-14

## GLOSSARY OF TERMS

Pursuant to Tenth Circuit Rule 28.2(C)(4), all acronyms or abbreviations not in common use (other than names of parties) are defined as follows:

"ECF" refers to the Electronic Case Filing system at the Kansas District Court.

"Garmin" and "Garmin International, Inc." refer to the Appellee.

"Add." refers to the Index Numbering of some relevant pleadings.

8

## PRIOR OR RELATED APPEALS

A.    21-3075

1.    "APPEAL DISMISSED.".  "….the minute order being appealed here is neither final nor immediately appealable.". (*Jaiyeola v. Garmin International, Inc.*, No. 21-3075 (10th Cir. May 19, 2021)).

B.    21-3100

1.    "Jaiyeola's petition does not meet this high standard for mandamus relief.". (*In re: Ganiyu Ayinla Jaiyeola*, No. 21-3100 (10th Cir. June 28, 2021)).

2.    "Appellant's petition for rehearing is denied.". (*In re: Ganiyu Ayinla Jaiyeola*, No. 21-3100 (10th Cir. July 19, 2021)).

C.    21-3108

1.    "APPEAL DISMISSED.".  "….this court lacks jurisdiction over this appeal" because ""a magistrate judge may not issue a final order directly appealable to the court of appeals."" and "Jaiyeola's failure to seek review of the order on appeal from the district court judge". (*Jaiyeola v. Garmin International, Inc.*, No. 21-3108 (10th Cir. July 6, 2021)).

2.    "the court denies the motion for an extension of time to file a petition for rehearing: any ruling the district court might make on Jaiyeola's motion for review of ECF No. 161 would not cure the jurisdictional defects for which this court dismissed his appeal.". (*Jaiyeola v. Garmin International, Inc.*, No. 21-3108 (10th Cir. July 19, 2021)).

## D.     21-3114 & 21-3169

**1.**     "In appeal No. 21-3114, we affirm the district court's judgment, and in appeal No. 21-3169, we affirm the order denying Mr. Jaiyeola's post-judgment motions.". (*Jaiyeola v. Garmin International, Inc.*, Nos. 21-3114 & 21-3169 (10th Cir. Apr. 26, 2022)).

**2.**     "Appellant's petition for rehearing is denied.". (*Jaiyeola v. Garmin International, Inc.*, Nos. 21-3114 & 21-3169 (10th Cir. May 23, 2022)).

## STATEMENT OF JURISDICTION

The United States District Court for the District of Kansas has jurisdiction over this failure-to-hire employment discrimination lawsuit[1]. The District Court entered a Final Order (ECF No. 171 - **Add.1**) in this lawsuit on June 24, 2021. This appellate Court's jurisdiction is derived from 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Whether the Kansas District can decline to file Plaintiff's Rule 60(b)(4) Motion and Plaintiff's Rule 60(d)(3) Motion for a dismissed case because, according to the Kansas District Court, "The two submissions which the Court directed not be filed were yet another attempt by Plaintiff to appeal this matter (…the dismissal of this case)."[2].

## INTRODUCTION

Plaintiff Ganiyu Ayinla Jaiyeola ("Jaiyeola") is a pro se. "For a pro se plaintiff, the Court is obligated to look at the substance of the allegations and overlook formal failures. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Pro se pleadings must be construed liberally." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "And because [Plaintiff] is pro se, we liberally construe his pleadings..."[3]. "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

---

[1] ECF No. 1, pp. 1-21. Plaintiff's Complaint.
[2] ECF No. 226, p. 2.
[3] *Shipps v. Groves, et al.*, No. 22-3200 (10th Cir. 2023).

This is an employment discrimination lawsuit in which Garmin International, Inc. ("Garmin"), by failing to hire Plaintiff ("Jaiyeola") (for the "Advanced Materials Engineer - Metals-19001CL"[4] position he applied and interviewed for over the phone and on-site at Garmin's Headquarters/Manufacturing Center in Olathe, Kansas) violated Jaiyeola's rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII" – Race (African American), Color (Black), and National Origin (Nigerian)), 29 U.S.C. § 621, et seq. (Age Discrimination in Employment Act, as amended ("ADEA"), 42 U.S.C. §12112(b)(4) (Disability Association Discrimination - Title I of the Americans with Disabilities Act ("ADA")), The Kansas Age Discrimination in Employment Act[5] (Chapter 44, Art. 11, K.S.A., and specifically within the meaning of subsection (a)(1) of Section 44-1113 of said Act - "KADEA") and 42 U.S.C. § 1983 (Denial of Due Process – "Due Process"). Garmin is also liable for discrimination under Section 703(a) of Title VII because the fact that Jaiyeola was not hired by Garmin was based on the influence of a Garmin employee, Mr. Jeff Minelli (Garmin's Director of Mechanical Engineering), with a discriminatory motive; Subordinate Bias Liability

---

[4] ECF No. 1-17, p. 2. Garmin's Human Resources Email Stating That Plaintiff Was Not Hired.

[5] http://www.kslegislature.org/li/b2019_20/statute/044_000_0000_chapter/044_011_0000_article/044_011_0013_section/044_011_0013_k/

("cat's paw" theory of liability)[6]. Defendant's motion to dismiss the 42 U.S.C. § 1983 claim was granted by the Court but the Defendant's request to dismiss the Subordinate Bias Liability claim was Denied[7].

Dr. Min Kao (Male, Asian American - originally from Taiwan; East Asia) co-founded Garmin with Gary Burrell (Male, White American) in October 1989. Kao "…led the development of the first GPS navigator to be certified by the FAA."[8] and for all intents and purposes the GPS technology brain for the establishment of Garmin.

A diversity rating report on Garmin concluded that "Diverse employees at Garmin International score the company 64/100 across various culture categories, placing Garmin International in the bottom 45% of companies in the United States with 10,000+ Employees for Comparably's diversity score. The Diversity score provides insights into how diverse employees feel and rate their work experience at Garmin International across various culture dimensions."[9]. In comparison, Trimble

---

[6] *Equal Employment Opportunity Commission v. BCI Coca-Cola Bottling Company of Los Angeles*, 450 F. 3d 476 (10th Cir. 2006).
[7] ECF No. 17, pp. 4-6. Violation of Title VII Based on Subordinate Bias Liability.
[8] Garmin Executive Team: https://www.garmin.com/en-US/company/leadership/executive/
[9] https://www.comparably.com/companies/garmin-international/diversity (as it appeared on October 28, 2020).

(https://www.trimble.com/), a Garmin competitor, scored "77/100"[10] and placed at "top 10%"[11].

Garmin's significantly incredibly low Diversity Rating (for an American multinational technology company) is strongly confirmed by the multiple employment discrimination lawsuits against Garmin in the United States since 2009 to date. A former Female Garmin employee stated the following in her Complaint: "This is an employment case based upon and arising under the Family and Medical Leave Act, as amended, 29 U.S.C. § 2611 et seq. ("FMLA"); the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA") the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA")"[12]. In 2009[13] and 2010[14], failure-to-hire employment discrimination lawsuits based on "Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., for employment discrimination on the basis of race, color, religion, gender, or national origin." and "Age Discrimination in Employment Act of 1967, as

---

[10] https://www.comparably.com/companies/trimble/diversity (as it appeared on October 28, 2020).

[11] *Id.*

[12] *Peterson v. Garmin International, Inc.*, No. 2:09-cv-02659-JAR (D. Kan. Dec. 22, 2009); ECF No. 1, p. 1 at ¶ "1".

[13] *Leo v. Garmin Int'l, Inc.*, No. 2:09-cv-02139-KHV (D. Kan. 2009), ECF No. 1, p. 1.

[14] *Leo v. Garmin Int'l, Inc.*, No. 2:10-cv-02495-JTM-DJW (D. Kan. 2010), ECF No. 1-1, p. 1.

amended, 29 U.S.C. §§ 621, et seq., for employment discrimination on the basis of age (age 40 or older)." were filed against Garmin. In 2017, a Garmin employee filed an Equal Employment Opportunity Commission ("EEOC") charge of discrimination based on "race, sex and national origin discrimination and retaliation under Title VII"[15] against Garmin after working for Garmin for 11 years: **1.)** "Plaintiff is a black female from Brazil, South America. She has been a naturalized citizen of the United States since 2009."[16]; **2.)** "Garmin's culture shows a preference for white employees and male employees. For example, in July 2016, a Garmin employee sent an email asking for hand models, specifically Caucasian hand models."[17]; 3.) "Garmin's selection procedures and practices resulted in a workforce at its headquarters in 2017 that was eighty-two percent (82%) white, two and one-half percent (2.5%) black and two and two-tenths percent (2.2%) Hispanic."[18]; and 4.) "Garmin's selection procedures and practices resulted in a workforce at its headquarters in 2017 that was seventy-seven percent (77%) male and twenty-three percent (23%) female."[19]

---

[15] *Antunes v. Garmin International, Inc.*, No. 2:18-cv-02697-JAR-KGG (D. Kan. Dec. 18, 2018), ECF No. 1, ¶ 9.

[16] *Id*; ¶ 12.

[17] *Id*; ¶ 26.

[18] *Id*; ¶ 45.

[19] *Id*; ¶ 47.

Plaintiff interviewed[20] onsite at Garmin Headquarters/Manufacturing Center in Olathe, Kansas, on August 14, 2019 and noticed the following: **1.)** The Senior Technical Recruiter who interviewed Plaintiff over the phone and onsite was a White Female; **2.)** Plaintiff was given a tour of Garmin's facilities by a White Female; **3.)** The Technical Team that interviewed Plaintiff were 8 White Males, and **4.)** The Garmin Engineers that attended Plaintiff's PowerPoint presentation were 14 White Males (93%) and 1 White Female (7%).

### FACTS RELATED TO THIS APPEAL

Per the District Court's Order (ECF No. 223, p. 4; Exhibit A), Jaiyeola sent the following TWO Motions to the Kansas District Court through the U.S. Postal Service Express Mail:

1. "Plaintiff's Motion For Leave (Per ECF No. 223) to File A Motion: "PLAINTIFF'S MOTION FOR RELIEF FROM THE ORDERS IN ECF No. 214 PURSUANT TO RULE 60(b)(4)"". (Exhibit B).

2. "Plaintiff's Motion For Leave (Per ECF No. 223) to File A Motion: "PLAINTIFF'S MOTION FOR RELIEF FROM THE ORDERS IN ECF No. 171 PURSUANT TO RULE 60(d)(3)"". (Exhibit C).

In an Order dated September 27, 2023, the District Court ruled as follows: "IT IS THEREFORE ORDERED that the submissions from Plaintiff received on

---

[20] ECF No. 1-14, p. 2.  Plaintiff's Interview Schedule on August 14, 2019.

September 25, 2023 not be filed but returned to the Plaintiff." ECF No. 226. (Exhibit D). (Exhibit E) is a letter from the Clerk as regards the Order in ECF No. 226. (Exhibit F) is a page from the District Court's docket showing the docket entry for September 27, 2023. The entry indicated that Jaiyeola's Two Motions were received on September 25, 2023.

## ARGUMENT

### A.    A Litigant's Access To The Court Is A Constitutional Right Under The First Amendment

A litigant's access to the Court is a constitutional right that is guaranteed under the First Amendment. However, "...there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir.1989)...Federal courts have the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Id.* at 352 (quoting *Cotner v. Hopkins*, 795 F.2d 900, 902-03 (10th Cir.1986))."[21]. The U.S. Supreme Court strongly cautions as regards alleged "frivolous" lawsuits being sanctioned. Justice Stevens of the U.S. Supreme Court stated: "During my years of service on the Court, I have not detected any threat to the integrity of its processes, or its ability to administer justice fairly, caused by frivolous petitions, whether filed by paupers

---

[21] *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340 (10th Cir. 2006).

or by affluent litigants."[22]. The law of the case in this circuit is "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."[23]. "[E]ven onerous conditions" may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved. *Carter v. United States*, 733 F.2d 735, 737 (10th Cir. 1984), cert. denied, 469 U.S. 1161, 105 S.Ct. 915, 83 L.Ed.2d 928 (1985) (quoting *In re Green*, 669 F.2d 779, 786 (D.C. Cir. 1981)). **The conditions cannot be so burdensome, however, as to deny a litigant meaningful access to the courts.** *See Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)."[24]. In this instant, the Kansas District denied Jaiyeola a "meaningful access to the court[]" by preventing Jaiyeola from filing a Rule 60(b)(4) Motion and a Rule 60(d)(3) Motion to previous Orders of the Kansas District Court. "...we conclude that the district court's decision to restrict [Plaintiff]'s filings on any subject matter and as to any defendant is overbroad."[25]. The action of the Kansas District Court in preventing Jaiyeola from filing the above two Motions is "overbroad", "burdensome", and unconstitutional. The Kansas District Court violated Jaiyeola's First Amendment Rights under the Constitution.

---

[22] *In re Anderson*, 511 U.S. 364 (1994).
[23] *Tripathi*.
[24] *Tripati*.
[25] *Sieverding*.

"[Plaintiff] does not challenge the district court's filing restriction in his opening brief, and thus any objection to it is waived. *See United States v. Abdenbi*, 361 F.3d 1282, 1289 (10th Cir. 2004)..."[26]. Jaiyeola objected (ECF No. 222) to the District Court's filing restrictions (ECF No. 218) at the District Court. The District Court overruled Jaiyeola (ECF No. 223). Jaiyeola is hereby objecting to the filing restrictions at the District Court in this opening brief. A vexatious or malicious litigant should not be confused with a prolific litigant. "Litigiousness alone will not support an injunction restricting filing activities."[27].

Other Circuits are also clear that abusive litigants must be restricted but the First Amendment rights of alleged abusers must be protected in all situations. "We do not believe a person can be absolutely foreclosed from initiating an action in a court of the United States, though it is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not...vexatious before permitting it to be filed."[28]. "The court's order under its inherent powers cannot completely foreclose a litigant from access to the court..."[29]. "While this court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir.

---

[26] *Punchard v. U.S. Govt*, 290 F. App'x 160 (10th Cir. 2008).

[27] *Tripati*.

[28] *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996).

[29] *Tingley v. City of Grand Rapids*, No. 1:02-cv-673 (W.D. Mich. Jun. 13, 2003).

1996), the court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998)...*See* also *Futernick v. Sumpter Tp.*, 207 F.3d 305, 314 (6th Cir. 2000) (finding that an order requiring a plaintiff to obtain the court's permission before filing any further motions was proper where the plaintiff was inundating the district court with repetitive motions and such an order did not violate the plaintiff's constitutional rights to due process and equal protection); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) ("[I]t is clear that the plaintiffs are vexatious litigants who have filed many complaints concerning the same 1972 automobile accident. The district court entered an order requiring leave of court before the plaintiffs filed any further complaints. This requirement is the proper method for handling the complaints of prolific litigators, and the procedure does not violate the First Amendment."); *Chance v. Todd*, 74 Fed. Appx. 598, 600 (6th Cir. 2003) ("the district court properly exercised its authority to issue an injunction to prevent Chance, a prolific litigant...from filing further actions without first obtaining leave of court.")."[30]

A final judgment in a lawsuit can be attacked. "res judicata bars a collateral attack on a final judgment"[31]; however, "The doctrine of res judicata does not

---

[30] *Meier v. Green*, 2:07-cv-11410 Doc # 60 (E.D. Mich 2009).
[31] *Watts v. Pinckney*, 752 F.2d 406 (9th Cir. 1985).

apply to direct attacks on judgments."[32]. "A direct attack on a judicial proceeding is an attempt to correct it, or to void it, in some manner provided by law to accomplish that object. It is an attack . . . by appropriate proceedings between the parties to it seeking, for sufficient cause alleged, to have it annulled, reversed, vacated or declared void..."[33]. Plaintiff's two (Rule 60) Motions that the Kansas district Court prevented Jaiyeola from filing, are direct attacks on the previous Orders in this lawsuit; the two Motions are to "void" previous Orders in this lawsuit "in some manner provided by law to accomplish that object".

## B.    Plaintiff's Rule 60(b)(4) Motion

Jaiyeola's Rule 60(b)(4) Motion is a Motion requesting the Court to vacate its Order in ECF No. 214. (Exhibit G).

In ECF No. 214 (Exhibit G), the Court **incorrectly** asserted as follows: "There is no indication in the transcript of the hearing that plaintiff raised a question regarding Margaret Young's possible testimony or consideration of her notes.". (ECF No. 214, p. 5, Footnote). The Court was incorrect. In the transcript of the hearing on June 9, 2021, "plaintiff raised a question regarding Margaret Young's possible testimony or consideration of her notes.". The transcript stated as follows (See Exhibit H):

---

[32] *Watts.*

[33] *Watts.*

"at the beginning there were two attorneys for -- for Garmin,

Margaret Young and Ms. Reisdorff

Ms. Young, she wasn't talking at those -- at those

meetings that we had on the phone and Zoom. According to Ms.

Reisdorff, Ms. Young was just to take notes. She could be a

witness as to all these accusations about me saying this or

saying that. You know, it never happened." (See Exhibit H, Lines 3-9.).

As confirmed by the transcript of the June 9, 2021 hearing, Plaintiff requested for Attorney Young to be a witness and Plaintiff mentioned the notes that Young took at the meeting where Reisdorff's allegation occurred. At the hearing, the Court declined Plaintiff's request for Attorney Young to testify regarding Reisdorff's allegation. In *Moulds v. Bullard, et al.*, No. 10-14866 (11th Cir. 2011), the Court held that "denial of witnesses at a disciplinary hearing" was a denial of due process. By the Order in ECF No. 214, the District Court denied Plaintiff due process by asserting incorrectly that "There is no indication in the transcript of the hearing that plaintiff raised a question regarding Margaret Young's possible testimony or consideration of her notes.". (ECF No. 214, p. 5, Footnote). The Order in ECF No. 214 is void.

""Rule 60(b)(4) . . . authorizes the court to relieve a party from a final judgment if 'the judgment is void.'" *Espinosa*[34], 559 U.S. at 270; *accord Kile v. United States*, 915 F.3d 682, 686 (10th Cir. 2019). A judgment is void under Rule 60(b)(4) "only in the rare instance where [the] judgment is premised…on a violation of due process that deprives a party of notice or the opportunity to be heard." *Espinosa*, 559 U.S. at 271. "If voidness is found, relief is not a discretionary matter; it is mandatory." *V. T. A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 n.8 (10th Cir. 1979); *accord Kile*, 915 F.3d at 686."[35]. Since "voidness is found" in ECF No. 214, "relief is not a discretionary matter; it is mandatory".

"First, a void judgment is no judgment at all and is without legal effect. *Lubben v. Selective Service System Local Bd.* No. 27, 453 F.2d 645 (1st Cir. 1972). Secondly, the doctrine of "res judicata does not preclude a litigant from making a direct attack [under Rule 60(b)] upon the judgment before the court which rendered it." 1B J. Moore, Federal Practice, ¶ 0.407, at 931 (2d ed. 1973); *see United States v. United States Fidelity Guaranty Co.*, 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1940); *see* also, *Lubben v. Selective Service System Local Bd. No. 27, supra*, 453 F.2d at 649."[36].

---

[34] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269–70 (2010).
[35] *Johnson v. Spencer*, No. 17-8089 (10th Cir. Feb. 13, 2020).
[36] *Jordon v. Gilligan*, 500 F.2d 701 (6th Cir. 1974).

**C.    Plaintiff's Rule 60(d)(3) Motion**

Jaiyeola's Rule 60(d)(3) Motion is a Motion requesting the Court to vacate its Orders in ECF No. 171 (Exhibit I) because of fraud on the Court by Attorney David Kight.

In Exhibit J, Attorney Young (Garmin's Attorney of record) confirmed that Attorney David Kight (Garmin's in-House Employment Attorney) directed Benjamin Dobbs (a Manager at Garmin) to change Plaintiff's job interview record. Dobbs interviewed Plaintiff onsite at Garmin Headquarters/Manufacturing Center in Olathe, Kansas, on August 14, 2019. Dobbs changed the record on November 22, 2019; about three months after the interview date. The changed record was produced to Plaintiff during discovery in December 2020. By directing Dobbs to change Plaintiff's job interview record, Attorney Kight's action was "so fundamental that it undermined the workings of the adversary process itself"[37]. Attorney Kight therefore committed a fraud on the Court.

"Fed. R. Civ. P. 60 (d)(3) provides that Rule 60 does not limit the Court's power to "set aside a judgment for fraud on the court." "Fraud on the court . . . is fraud which is directed to the judicial machinery itself..." *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985)."[38]. A fraud on the Court is a fraud "directed

---

[37] *United States v. Estate of Stonehill*, 660 F.3d 415, 417-19 (9th Cir. 2011).

[38] *Gregory v. Denham*, No. 14-cv-02267 (D. Colo. Jun. 5, 2015).

to the judicial machinery itself" and that fraud must be committed by an Attorney; whether the Attorney is of record or not. Attorney Kight was the in-House Employment Attorney for Defendant Garmin.

"Courts have historically enjoyed the inherent authority to correct judgments obtained by the commission of fraud on the court, regardless of ordinary procedural bars like statutes of limitations or the time limits imposed on motions to set aside judgments for fraud. *See Hazel-Atlas*[39], 322 U.S. at 244–46 (acknowledging an exception to the general prohibition against altering a judgment after the expiration of the court term if the judgment was the result of fraud on the court); *see also* Fed. R. Civ. P. 60(d)(3) ("This rule does not limit a court's power to...set aside a judgment for fraud on the court."); *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290–91 (10th Cir. 2005) (explaining that procedural limitations on Rule 60(b) motions do not apply to fraud on the court allegations). This is because "a decision produced by fraud on the court is not in essence a decision at all, and never becomes final." *Kenner v. Comm'r*, 387 F.2d 689, 691 (7th Cir. 1968)."[40].

"The courts' interest in correcting a fraud on the court stems from "far more than an injury to a single litigant." *Hazel-Atlas*, 322 U.S. at 246. Instead, our primary objective when correcting a fraud on the court is to redress harm to "the

---

[39] *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).
[40] *United States v. Williams*, No. 14-5070 (10th Cir. June 23, 2015).

25

integrity of the judicial process." *United States v. Estate of Stone Hill*, 660 F.3d 415, 444 (9th Cir. 2011)... Although a court may "vacate its own judgment upon proof that a fraud has been perpetrated upon the court," it may also "fashion an appropriate sanction" short of disturbing an otherwise valid judgment. *Chambers*[41], 501 U.S. at 44. Such sanctions include assessing attorney fees against the culpable party, *id*. at 46, or suspension, disbarment, or other reprimand against the attorney who abuses the judicial process, *Eash*, 757 F.2d at 561. Any relief a party may obtain when we correct a fraud on the court is subordinate to our primary interest in restoring the court's integrity."[42].

### D.   Mandamus

Jaiyeola wants this Appeal construed as a Petition for Mandamus because the District Court has engaged in "usurpation of power"[43]. "In the circumstances, mandamus is a proper method of raising the question of usurpation of power."[44]. "Usurpation of judicial power occurs when courts act beyond their jurisdiction or fail to act when they have a duty to do so. *Will v. United States*, 389 U.S. 90, 95 (1967)."[45]. "...mandamus provides a "useful 'safety valve[]' for promptly correcting serious errors." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009)

---

[41] *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991).

[42] *United States v. Williams*.

[43] *Arthur Andersen Co. v. Finesilver*, 546 F.2d 338 (10th Cir. 1976).

[44] *Arthur Andersen Co.*.

[45] *In re: Greg Abbott, et al.*, No. 20-50264 (5th Cir. April 7, 2020).

(quoting *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 883 (1994))."[46].

"Mandamus may be used "to compel a district court to exercise its jurisdiction when it has a duty to do so."...Mandamus "will issue only in those exceptional cases where the inferior court has acted wholly without jurisdiction or so clearly abused its discretion as to constitute a judicial usurpation of power." *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.*), 911 F.2d 380, 387 (10th Cir. 1990). The party seeking the writ must show that the right to the writ is "clear and indisputable."...This court looks to the following nonconclusive guidelines to determine whether to grant the writ: "First, the party seeking the writ has no other adequate means to secure the relief desired. Second the petitioning party will be damaged or prejudiced in a way not correctable on appeal. Third the district court's order constitutes an abuse of discretion. . . . Fourth, the district court's order represents an often repeated error and manifests a persistent disregard of federal rules. Fifth the district court's order raises new and important problems or issues of law of the first impression." *Id.* (quoting *Dalton v. United States (In re Dalton*), 733 F.2d 710, 717 (10th Cir. 1984), cert. dismissed 469 U.S. 1185, 105 S. Ct. 947, 83 L.Ed.2d 959 (1985))..."[47]. "*Kerr v. United States District Court*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725, [1976]

---

[46] *In re: Greg Abbott, et al.*.
[47] *Pacificare of Oklahoma, Inc. v. Burrage*, 59 F.3d 151 (10th Cir. 1995).

says that mandamus is proper when a party has no other adequate means to obtain relief and his right to relief is clear and indisputable."[48].

"Where appropriate, this Court may construe an appeal as a petition for mandamus…("[W]e may in appropriate circumstances treat an attempted appeal as a request for leave to file a petition for a writ of mandamus.")."[49]. "An appellate challenge (however styled) to a court's refusal to accept for filing papers that were submitted in violation of an anti-filing injunction, or in compliance with one, will be construed as petitions for mandamus and docketed as such in this Court. In considering such petitions, we will review the docketed papers (if any) as well as the documents attached to the litigant's appellate filings, and we can take judicial notice of this Court's files as well as those of the district court. This procedure assures the sanctioned litigant sufficient review without enabling the abuse of the courts."[50].

## E.      Judge Reassignment

Whether considering the "personal bias or under extreme circumstances"[51] in this lawsuit (under District Court Judge Eric F. Melgren), the Tenth Circuit Court of Appeals should consider exercising 28 U.S.C. § 2106 and reassign this lawsuit to

---

[48] *Arthur Andersen Co..*

[49] *Hong Mai Sa v. Doe*, 406 F.3d 155 (2d Cir. 2005).

[50] *Hong Mai Sa.*

[51] *Burke v. Regalado et al.*, No. 18-5042 (10th Cir. 2019).

another District Court Judge.

"....this court [is] to exercise its supervisory powers under 28 U.S.C. § 2106 to reassign the case to a different district court judge on remand. "Because of the extraordinary nature of such an order . . . we will remand with instructions for assignment of a different judge only when there is proof of personal bias or under extreme circumstances." *Niemi v. Lasshofer*, 770 F.3d 1331, 1356 n.13 (10th Cir. 2014)..."[52]. "Reassignment is necessary to preserve the appearance of justice and to ensure the public's confidence in the integrity of the judicial system. Reassignment to a new judge will not cause waste or duplication disproportionate to the gain obtained by preserving the appearance of fairness."[53]. "there is proof of personal bias or under extreme circumstances" in this lawsuit.

## CONCLUSION

""Mindful that we are a court of review, not of first view,"…("[w]hether [a] sequence of events is evidence of" wrongdoing "is for the district court to determine, after consideration of all relevant facts and circumstances")."[54]. **Typically, a district court engages in factfinding that is tailored to the legal standard**. After it makes an appealable decision, a panel of our court hears the case. If a majority of the active judges of this court decides that en banc review of the three-judge panel

---

[52] *Burke*.
[53] *People v. Elliot*, No. 344740 (Mich. Ct. App. Mar. 5, 2020).
[54] *Williams v. Kincaid, et al.*, No. 21-2030 (4th Cir. 2022).

decision is warranted, we then hear the case as a full court. There is a good reason for this order: **district courts find facts; we do not**...("Courts of appeal are not equipped to decide factual questions in the first instance."). And "[p]anel decisions refine, narrow, and focus issues before the court."..."[55].

Plaintiff respectfully requests the Tenth Circuit to do the following:

1.  GRANT Plaintiff's petition for the Writ of Mandamus.

2.  ISSUE an ORDER for the Kansas District Court to file the following TWO Motions by Plaintiff:

    A.  "PLAINTIFF'S MOTION FOR RELIEF FROM THE ORDERS IN ECF No. 214 PURSUANT TO RULE 60(b)(4)". (Exhibit B).

    B.  "PLAINTIFF'S MOTION FOR RELIEF FROM THE ORDERS IN ECF No. 171 PURSUANT TO RULE 60(d)(3)". (Exhibit C).

3.  Exercise its appellate and supervisory powers under 28 U.S.C. § 2106 to RECUSE District Court Judge Eric F. Melgren from this lawsuit.

---

[55] *Memphis Center for Reproductive Health, et al. v. Slatery, et al.*, No. 20-5969 (6th Cir. 2022).

Respectfully submitted,

_____

Ganiyu Ayinla Jaiyeola, Ph.D., MBA

10870 North Stelling Road, #37D

Cupertino, California 95014

(616) 635-4025

ganiyu.jaiyeola@gmail.com

Appellant pro se

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), this document complies with the type-volume limitations at Fed. R. App. P. 32(a)(7)(B)(i) because it contains 4,943 words; excluding the sections specified at Fed. R. App. P. 32(f).

This document complies with the requirements of Fed. R. App. P. 32(c)(2) and Fed. R. App. P. 32(a) because it has been prepared using Microsoft Word (Microsoft 365) in Times New Roman, 14-point font.

_____

Dated:    November 6, 2023          Ganiyu Ayinla Jaiyeola, Ph.D., MBA

Plaintiff pro se

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25(d), the undersigned certifies this document

complies with the Court's Proof of Service as follows:

On November 6, 2023, a copy of this document will be mailed to the Tenth

Circuit Clerk's office by first class mail (Express) through the United States Postal

Service and will be sent by electronic mail to Defendant's Attorney (Kerri S.

Reisdorff (kerri.reisdorff@ogletree.com).

Dated:    November 6, 2023

Ganiyu Ayinla Jaiyeola, Ph.D., MBA

Plaintiff pro se

32

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

This package is made from post-consumer waste. Please recycle – again.


PS10001000006

EP13F July 2022
OD: 12 1/2 x 9 1/2


Scanned by
US Marshal

PRIORITY MAIL EXPRESS®

**UNITED STATES POSTAL SERVICE®**

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)    PHONE (616) 035 4025

GANIYU  JAIYEOLA          #
10870 NORTH STERLING RD. 37D
CUPERTINO,  CALIFORNIA
                        95014

**DELIVERY OPTIONS** (Customer Use Only)

☐ **SIGNATURE REQUIRED** Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)*
   *Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)    PHONE (303) 844 3157

CLERK
TENTH CIRCUIT COURT OF APPEALS
1823 STOUT STREET
DENVER  COLORADO
ZIP + 4® (U.S. ADDRESSES ONLY)
8 0 2 5 7 -

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

PEEL FROM THIS CORNER

LABEL 11-B, MAY 2021    PSN 7690-02-000-9996

EI 464 933 125 US

**PAYMENT BY ACCOUNT** (if applicable)
USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

| | | | |
|---|---|---|---|
| ☐ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |
| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | | Postage |
| 95016 | 11-7-23 | | $ 28.75 |
| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
| 11-6-23 | ☐ 12:00 PM | | |
| Time Accepted | ☐ AM ☐ PM | Return Receipt Fee | Live Animal Transportation Fee |
| 2:22 | | $ | |
| Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees | |
| $ | $ | | |
| Weight | Flat Rate | Acceptance Employee Initials | $ 28.75 |
| lbs. ozs. | | | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| | | |
|---|---|---|
| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |
| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |

see the

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; July 2022. All rights reserved.

POSTAGE PAID
1-Day
CUPERTINO, CA 95014
NOV 06, 2023

RDC 07    $28.75
R2304E105013-03

  
UNITED STATES POSTAL SERVICE